IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMIAH ORDOÑEZ,

      Plaintiff,

vs.                                             No. CIV 20-0927 JB/KRS

MENTAL HEALTH TREATMENT CENTER;
Doctor FNU SUAR and STAFF,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Plaintiff's Complaint for Violation of Civil Rights (Prisoner Complaint), filed November 15, 2022 (Doc. 10)("Complaint").  Plaintiff Jeremiah Ordoñez is a state prisoner incarcerated at Central New Mexico Correctional Facility's Mental Health Treatment Center ("MHTC").  See Complaint §§ III, IV(B), at 4.  He appears pro se and is proceeding in forma pauperis.   He seeks to state a claim for a violation of his rights under the Eighth Amendment to the Constitution of the United States of America.  See U.S. Const. amend. VIII.   Having carefully reviewed the pleadings under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss the Complaint and allow Ordoñez an opportunity to file an amended complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Ordoñez commenced this action in September, 2020, by filing a handwritten letter, which the Court construed as an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983. See Letter from Jeremiah Ordoñez to the United States District Court, District of New Mexico, Office of the Clerk (dated September 10, 2020), filed September 11, 2020 (Doc. 1)("Letter").   In the Letter, Ordoñez states that he is being detained illegally in a psych ward when he does not have

a mental illness, is being subjected to psychotropics, and is being denied legal access.   See Letter

at 1-2; Supplemental Letter from Jeremiah Ordoñez to the United States District Court, District of

New Mexico, Office of the Clerk (dated September 14, 2020) at 1, filed September 15, 2020

(Doc. 2).   In an Order to Cure Deficiencies, filed September 17, 2020 (Doc. 3)("Cure Order"), the

Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for

the District of New Mexico, ruled, among other things, that the Letter is not in proper form to

assert civil rights claims and that the filing is deficient, because Ordoñez had not paid the filing

fee or submitted an application to proceed in forma pauperis.   See Cure Order at 1-2.   Magistrate

Judge Sweazea gave Ordoñez a thirty-day deadline to cure these deficiencies.   See Cure Order at

2.   Ordoñez complied, in part, by filing on October 5, 2020, an Application to Proceed in District

Court without Prepaying Fees or Costs (Short Form) (Doc. 4)("Application").   The Court

approved the Application and entered an Order Granting Leave to Proceed Pursuant to 28 U.S.C.

§ 1915(b), filed September 7, 2021 (Doc. 7)("IFP Order"), reducing the filing fee to $350.00 and

waiving the initial filing fee.   See IFP Order at 1.   As Ordoñez had yet to file a complaint in

proper form, however, the Court entered an Order Directing Amendment, filed November 3, 2022

(Doc. 9), requiring him to do so within thirty days.   See Order Directing Amendment at 2.

Ordoñez responded by filing the Complaint presently before the Court.   See Complaint at 1-5.

Ordoñez alleges that, while at MHTC, he was subjected to psychiatric medication that

slowed his mental functioning.   See Complaint § IV(D), at 5.   He alleges that the resulting injury

is his slowed or impaired mental functioning or cognitive ability.   Complaint § V, at 5.   The

Complaint identifies Dr. Suar (first name unknown) and unidentified staff as Defendants.   See

Complaint § I(B), at 2.   Ordoñez seeks injunctive relief in the form of proper care and housing,

and compensatory relief in the form of damages.   See Complaint § VI, at 5.

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915A of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is incarcerated and seeks relief from a government official.   See 28 U.S.C. § 1915A.   The court must dismiss any prisoner's complaint that is "frivolous, malicious, or fails to state a claim on which relief may be granted."   28 U.S.C. § 1915A(b)(1).   Similarly, the Court must dismiss any in forma pauperis complaint if it determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(1)(B)((i)-(ii).   The court also may dismiss a complaint sua sponte under rule 12(b)(6) if "'it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile.'"   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)).   In other words, the same standard of review applies under rule 12(b)(6) and § 1915A(b)(1).[1]

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."   Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and when reviewing a complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to

---

[1]For a discussion on these and similar provisions' history and interpretation with respect to rule 12(b)(6), see Michael Zachary, Dismissal of Federal Actions and Appeals under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), 42 U.S.C. § 1997e(c) and the Inherent Authority of the Federal Courts, 43 N.Y.L. Sch. L. Rev. 975, 978-85 (2000)("Dismissal of Federal Actions")("[T]he phrase, 'fails to state a claim upon [or "on"] which relief may be granted,' in all three [Prison Litigation Reform Act] dismissal provisions has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6)." (quoting 28 U.S.C. §§ 1915(e)(2), 1915A(b), 42 U.S.C. § 1997e(c))(second alteration added in Dismissal of Federal Actions)).

the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   See Tellabs, Inc. v. Makor

Issues & Rts., Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not

draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a

motion to dismiss." (quoting Makor Issues & Rts., Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir.

2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rts., Ltd., but not in Makor Issues &

Rts., Ltd. v. Tellabs, Inc.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or

purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations

in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore

v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers

'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is

insufficient.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 556 U.S. at 678.   "Factual

allegations must be enough to raise a right to relief above the speculative level . . . , on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."   Bell Atl.

Corp. v. Twombly, 550 U.S. at 555 (footnote omitted)(citing 5 C. Wright & A. Miller, Federal

Practice and Procedure § 1216, at 235-36 (3d ed. 2004); Swierkiewicz v. Sorema N.A., 534 U.S.

506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S.

232, 236 (1974)).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that,

if assumed to be true, state a claim to relief that is plausible on its face."   Mink v. Knox, 613 F.3d

995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [Bell Atl. Corp. v. Twombly, 550 U.S. at 570]. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(first alteration in Robbins v. Oklahoma).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro se parties must file a legible pleading that complies with rule 8. That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought[.]"   Fed. R. Civ. P. 8(a).   "'It is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action.'" McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014)(unpublished)[2](quoting Schupper v. Edie, 193 F. App'x 744, 746 (10th Cir. 2006)(unpublished)).   See also Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012)(unpublished)(affirming dismissal of complaint that "included everything but the kitchen sink").   Allowing such pleadings to survive screening "would force the Defendants to carefully comb through" various documents "to ascertain which . . . paragraphs contain pertinent allegations" that warrant a response.   McNamara v. Brauchler, 570 F. App'x at 743.

## LAW REGARDING SECTION 1983 CLAIMS

Section 1983 is a vehicle for vindicating substantive rights against State officials under the Constitution.   See Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(noting that Section 1983 creates no substantive rights; rather it is the means

---

[2]McNamara v. Brauchler, 570 F. App'x 741 (10th Cir. 2014) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . . , and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that McNamara v. Brauchler, Schupper v. Edie, 193 F. App'x 744, 746 (10th Cir. 2006), Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012), Escobar v. Parker, 982 F.2d 528 (10th Cir. 1992), and Taylor v. Ortiz, 410 F. App'x 76, 79 (10th Cir. 2010), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006).   Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.   Only a "person" may be held liable under § 1983.   42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by State government officials acting under color of law that result in a deprivation of rights the Constitution secures.   See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).   There must be a connection between official conduct and violation of a constitutional right.   Conduct that is not connected to a constitutional violation is not actionable under § 1983.   See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's individual actions, has violated the Constitution.   See Ashcroft v. Iqbal, 556 U.S. at 676.   To succeed under § 1983, the plaintiff must allege an identified official's personal involvement in the alleged constitutional violation.   See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).   In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her."   Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in original).   Generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, are not sufficient to state any claim for relief.   See Robbins v. Oklahoma, 519 F.3d at 1249-50.

## LAW REGARDING A PRISONER'S RIGHT TO ADEQUATE MEDICAL CARE AND TO HUMANE CONDITIONS OF CONFINEMENT

The Eighth Amendment protects against the infliction of cruel-and-unusual punishments. See U.S. Const. Amend. VIII.  In 1994, the Supreme Court of the United States held that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and adequate medical care.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  This includes adequate food, clothing, shelter, and medical care, but also a more general requirement to "'take reasonable measures to guarantee the safety of the inmates.'"  Farmer v. Brennan, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  It also includes a prohibition against prison officials' deliberate indifference.  See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008)(citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)).

Deliberate indifference to serious medical needs of prisoners constitutes the "'unnecessary and wanton infliction of pain'" that the Eighth Amendment proscribes.  Hudson v. McMillian, 503 U.S. 1, 5 (1992)(quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); Escobar v. Parker, 982 F.2d 528 (10th Cir. 1992)(unpublished).  "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. at 105.  Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component.  See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006).  With respect to the objective component, a medical need is serious if it is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).  The question

- 8 -

extends to whether the potential harm to the inmate is sufficiently serious.   See Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a "'sufficiently culpable state of mind.'"   Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)).   See Self v. Crum, 439 F.3d at 1230-31 (citing Farmer v. Brennan, 511 U.S. at 834). In other words, the plaintiff must establish that the defendant "knew" the plaintiff "faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"   Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer v. Brennan, 511 U.S. at 847).   With regard to the subjective component, courts consider whether there were "'symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it . . . .'"   Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d at 753).   An official responds to a known risk in an objectively unreasonable manner if that official knows of ways to reduce the harm, but knowingly or recklessly declines to act.   Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody.   See Howard v. Waide, 534 F.3d at 1239-40.

Prison officials who know of a substantial risk to inmate health or safety may be found free from liability, however, if they respond reasonably to the risk, even if the harm ultimately is not averted.   See Howard v. Waide, 534 F.3d at 1239 (quoting Farmer v. Brennan, 511 U.S. at 844-45).   Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment.   See Estelle v. Gamble, 429 U.S. at 105-06.   Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment.   See, e.g., Smart v. Villar,

547 F.2d 112, 114 (10th Cir. 1976); Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d

1218, 1222 (10th Cir. 2002).   A prisoner who merely disagrees with a diagnosis or a prescribed

course of treatment does not state a constitutional violation.   See Taylor v. Ortiz, 410 F. App'x

76, 79 (10th Cir. 2010)(unpublished).

## LAW REGARDING ACTION UNDER COLOR OF STATE LAW

Under § 1983, liability attaches only to conduct occurring "under color of [State] law."

42 U.S.C. § 1983.   Thus, the only proper defendants in a § 1983 action are those who "'represent

[the State] in some capacity, whether they act in accordance with their authority or misuse it.'"

Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988)(quoting Monroe v. Pape,

365 U.S. 167, 172 (1961)).   A person acts under color of State law only when exercising power

"possessed by virtue of state law and made possible only because the wrongdoer is clothed with

the authority of state law."   Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981).   A showing that

the defendants acted "under color of state law" is a jurisdictional prerequisite for a § 1983 action.

Polk Cty. v. Dodson, 454 U.S. at 315.   The only proper defendants in a § 1983 claim are State

officials, or those who engage in conduct that is otherwise "'fairly attributable to the State.'"

Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995)(quoting Lugar v.

Edmonson Oil Co., 457 U.S. 922, 937 (1982)).   To establish subject-matter jurisdiction for a civil

rights action, the plaintiff must show that the defendant acted under color of State law.   See

28 U.S.C. § 1343(a)(3) (providing the district courts with original jurisdiction over any civil action

"[t]o redress the deprivation, under color of any State law . . . of any right, privilege or immunity

secured by the Constitution . . . or by any Act of Congress providing for equal rights . . . .").

## ANALYSIS

The Court has reviewed the pleadings under the 28 U.S.C. § 1915A and rule 12(b)(6)

standards.   The Court concludes that (i) Ordoñez has not identified adequately the "Staff"

Defendants; and (ii) Ordoñez has not alleged facts sufficient to state either a § 1983 claim, or an

Eighth Amendment deliberate-indifference claim.   Accordingly, the Court will dismiss Ordoñez'

claims without prejudice.   Because the Tenth Circuit counsels that courts ordinarily should give

pro se inmates an opportunity to remedy defects in their pleadings, see Hall v. Bellmon, 935 F.2d

at 1110, the Court will give Ordoñez an opportunity to amend his Complaint within thirty days of

this Memorandum Order and Opinion's entry.

## I.       ORDOÑEZ DOES NOT IDENTIFY ADEQUATELY THE STAFF DEFENDANTS.

It is unclear from the Complaint to whom Ordoñez refers when he names "Staff" as

Defendants in this action.   The Tenth Circuit has "recognized the ability of a plaintiff to use

unnamed defendants so long as the plaintiff provides an adequate description of some kind which

is sufficient to identify the person involved so process eventually can be served."   Roper v.

Grayson, 81 F.3d 124, 126 (10th Cir. 1996).   Ordoñez has not included a description of the

Defendants sufficient to satisfy this requirement.   Accordingly, the Court will dismiss Ordoñez'

claims against MHTC "Staff" without prejudice.

## II.      THE COMPLAINT DOES NOT ALLEGE UNDERLYING FACTS SUFFICIENT TO STATE A § 1983 CLAIM.

Ordoñez' Complaint contains vague and generalized allegations of wrongdoing,

unconnected to an identified actor's specified conduct.   This pleading is not sufficient to state a

§ 1983 claim.   See Robbins v. Oklahoma, 519 F.3d at 1249-50.   It is a basic pleading requirement

that a complaint must identify clearly "exactly *who* is alleged to have done *what* to *whom*," so that

each defendant has notice of the basis of the particular claims against them.   Robbins v.

Oklahoma, 519 F.3d at 1250 (emphasis in original).

With the exception of MHTC, it is also unclear how Dr. Suar and "Staff" are involved with Ordoñez, whether and how they are connected with MHTC or the New Mexico Corrections Department, and whether they are State actors.   To satisfy the State actor requirement of a § 1983 claim a plaintiff must show:

> "First, the deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible . . . .   Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.   This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

Johnson v. Rodrigues, 293 F.3d 1196, 1202 (10th Cir. 2002)(quoting Lugar v. Edmonson Oil Co., Inc., 457 U.S. at 937 (second alteration added in Johnson v. Rodrigues)).   To demonstrate that the Defendants are State actors, Ordoñez will have to plead facts with sufficient specificity to show that "'the State is *responsible* for the specific conduct of which the plaintiff complains.'"   Johnson v. Rodrigues, 293 F.3d at 1206 (quoting Crissman v. Dover Downs Entm't, 289 F.3d 231, 239 (3d Cir. 2002))(emphasis in Crissman v. Dover Downs Entm't).

If the Defendants are not State actors, the Court can resolve the question whether their conduct constitutes State action using one of four tests: (i) the public function test -- which centers on "whether the state has delegated to a private party 'a function traditionally exclusively reserved to the States,'" Johnson v. Rodrigues, 293 F.3d at 1203 (quoting Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1447); (ii) the nexus test -- which requires the plaintiff to "'demonstrate that there is a sufficiently close nexus between the government and the challenged conduct that the conduct may be fairly treated as that of the state itself,'" Johnson v. Rodrigues, 293 F.3d at 1203 (quoting Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1448); (iii) the symbiotic relationship test -- which requires the plaintiff to show that the state "so far insinuated itself into a

- 12 -

position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity," Johnson v. Rodrigues, 293 F.3d at 1204 (quoting Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1451); and (iv) the joint action test -- which is usually satisfied by a showing of "a substantial degree of cooperative action between state and private officials, or . . . 'overt and significant state participation' in carrying out the deprivation of the plaintiff's constitutional rights," Johnson v. Rodrigues, 293 F.3d at 1202-05 (quoting Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1454).   Ordoñez has not alleged facts sufficient to explain whether the Defendants other than MHTC are State actors, or, if they are not State actors, whether they satisfy one of the four State action tests that the Tenth Circuit describes in Johnson v. Rodrigues.   See 293 F.3d at 1203-05.   Further, the allegation he brings against all the Defendants, including MHTC, are too vague and generalized to state a § 1983 claim.   Accordingly, the Court will dismiss Ordoñez' claims against Dr. Suar and "Staff" without prejudice for failure to state a § 1983 claim.

### III.   ORDOÑEZ HAS NOT ALLEGED FACTS DEMONSTRATING AN EIGHTH AMENDMENT VIOLATION.

The Complaint's allegations are insufficient to state a viable Eighth Amendment deliberate-indifference claim against any Defendant.   While the allegations in the Complaint show that Ordoñez disagrees with the course of treatment that he has received, this allegation alone is insufficient to state a claim of cruel-and-unusual punishment and deliberate indifference.   See Smart v. Villar, 547 F.2d at 114; Taylor v. Ortiz, 410 F. App'x at 79.   The Complaint is devoid of allegations relevant to a deliberate-indifference claim's objective or subjective components.   See Self v. Crum, 439 F.3d at 1230.   Without allegations satisfying these requirements, Ordoñez' claim cannot survive dismissal.   Accordingly, the Court will dismiss Ordoñez' Eighth

Amendment claims without prejudice.

## IV.    <u>ORDOÑEZ MAY FILE AN AMENDED COMPLAINT</u>.

Having determined that the allegations do not state a cognizable claim for a violation of Ordoñez' federal constitutional rights, the Court will dismiss these claims pursuant to 28 U.S.C. § 1915A(b)(1).   The Tenth Circuit counsels that courts ordinarily should give pro se inmates an opportunity to remedy defects in their pleadings.   See <u>Hall v. Bellmon</u>, 935 F.2d at 1110.   The Court, therefore, will give Ordoñez an opportunity to file an amended complaint within thirty days of this Memorandum Opinion and Order's entry.   If Ordoñez does not file an amended complaint, the Court may dismiss this action with prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights (Prisoner Complaint), filed November 15, 2022 (Doc. 10), is dismissed without prejudice; (ii) Plaintiff Jeremiah Ordoñez may file an amended complaint within thirty days of this Memorandum Opinion and Order's entry; and (iii) failure to file an amended complaint by the deadline may result in dismissal of this action with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jeremiah Ordoñez
Los Lunas, New Mexico

*Plaintiff pro se*